**UNITED STATES ex rel. ORLOFF v. WILLOUGHBY et al.**

No. 2957.

United States District Court, W. D. Washington, N. D.

Jan. 9, 1952.

---

·John Caughlan and Siegfried Hesse, Seattle, Wash., for petitioner.

John E. Belcher, Asst. U. S. Atty., Seattle, Wash., and Robert O. Hillis, Maj. J. A. G. D., U. S. Army, Seattle, Wash., for respondent.

LINDBERG, District Judge.

■ First of all, the Court will say that he feels that the Petitioner here is clearly within his rights in coming into Court seeking a writ of habeas corpus to determine his status.

The question is one which is not free from doubt and there is no other method whereby he may determine whether or not he is legally held in the Army.

The facts in this matter have been agreed upon, and appear from the pleadings, exhibits and stipulations of counsel.

The Court has sought by some independent research, anticipating the questions that might arise in this case, to determine the law applicable and has come to a conclusion as to the law:

The only questions that may be determined by this Court in this matter is whether the Petitioner has had due process of law in being inducted into the Army, and, whether, having been lawfully inducted, he is being retained in the Army in compliance with the law.

■ The Court has no authority to review the action of the Army in making classification of or assigning its personnel, and no question is raised as to compliance with law or procedure by his draft board or other agencies in inducting the Petitioner into the Army.

The question appears to the Court to be clearly one as to whether a doctor, a medical doctor, may be inducted under the

16

statute involved and be retained in the Army regardless of whether he is given a status as a doctor, which it appears can be given, under the stipulated facts, only when that person is a commissioned officer.

It would appear from pertinent excerpts from Congressional hearings and debates that the purpose of the law was to encourage and to bring into the Service more doctors who were seriously needed.

As far as the Court is concerned, it is clear from the nature of the questions and responses in those Congressional hearings that the law itself does not require that the person, or doctor, drafted under the Act must serve as a doctor.

The questions put by the members of the committees, and the responses thereto, indicate that the Army "intended", "proposed", or "hoped" to do certain things, but the law itself did not require that the Service do so. If the law covered the situation, there would have been no occasion for the questions.

Now, this is a rather anomalous situation where a person seeking a commission was granted a commission and then had it taken away before he was inducted. It is not for the Court to say whether such action was proper or not, and the Court must assume that the Armed Forces acted properly in that matter.

Having no commission, the Petitioner finds himself in service as an enlisted man and has been unable to secure a commission since his induction.

There is indication that a commission may eventually be granted Petitioner, but it is the Court's interpretation of the law that, even should the Army deny that commission, the Court could not require, or compel, any action in so far as the Armed Forces are concerned.

Therefore, as the Court interprets the law, a doctor inducted under the statute applicable is in the service in the same status as he would be had he been inducted under other applicable statutes, and whether he is used in a medical category or not.

Respecting whether or not such interpretation would render the law un-

constitutional, it is the Court's belief that it would not do so.

The classification as to doctors is a reasonable one in view of the demand in the Armed Forces for doctors and, undoubtedly, the law was passed for the purpose of securing, one way or another, greater medical personnel.

It is quite possible that it has served to operate, as indicated in the Congressional hearings, to compel doctors to seek commissions and get into the Service rather than take the chance of being drafted and possibly serving as an artilleryman, or infantryman, should he be so drafted.

So that is the ruling of the Court and the writ will be denied.